*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

REBEKAH LYNN SELVIG, formerly known as
REBEKAH LYNN SMITH,

UNPUBLISHED
September 12, 2019

Plaintiff-Appellee,

v

No. 343514
Clinton Circuit Court
LC No. 2010-022344-DM

GARY ANTHONY SMITH,

Defendant-Appellant.

Before: MURRAY, C.J., and METER and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right the order of the circuit court denying his motion to set aside a judgment and awarding attorney fees to plaintiff. We affirm.

## I. FACTUAL BACKGROUND

In 1994, the parties married and subsequently had three children. In 2011, the parties divorced and stipulated to joint legal custody of the children, sole physical custody with plaintiff, and "reasonable and liberal" parenting time for defendant. At some point following the judgment of divorce, plaintiff remarried, and in August 2011, defendant stipulated to allow plaintiff to move with the children from Michigan to Montana. Defendant also relocated to Ohio during this period.

In February 2016, plaintiff notified the Clinton Circuit Court that she had filed a petition with the Yellowstone County District Court in Montana so that the stipulated parenting time order could be enforced in that state. The parties then stipulated to the fact that Montana was a more convenient forum for matters related to custody and parenting time because neither they nor their children lived in Michigan and the children had resided in Montana for more than six months. The parties stipulated to the Clinton Circuit Court declining to exercise continued jurisdiction, and to the state of Montana assuming jurisdiction over any further issues of custody, parenting time, and child support. However, despite the parties' stipulation as to jurisdiction, in February 2018, defendant filed a motion in the Clinton Circuit Court to set aside the 2011 order

changing domicile. Defendant referred to the order as a "default judgment" and alleged that he had been trying to rescind his stipulation to the order since shortly after he made it.

At the hearing on defendant's motion, the circuit court noted that no "default judgment" had been entered related to the change of domicile. The court noted that, based on the stipulation regarding jurisdiction, it did not have jurisdiction over the case. The court also found that defendant had filed his motion in bad faith. The court noted that defendant had previously asked a Montana court for relief related to parenting time and was therefore inarguably aware that the Montana court was the proper forum for proceedings in the case. The court denied defendant's motion, found that it was frivolous, and awarded $750 to plaintiff for attorney fees.

## II. DUE PROCESS

Defendant primarily asserts that his right to due process was violated when the court denied his motion and determined that it lacked jurisdiction over the case. We disagree.

At the hearing on defendant's motion, defendant claimed that he had been "served incorrectly" with notice of entry of the order changing domicile. Although he did not clearly explain why he believed service was improper, the record indicates that he believed the notice was untimely. On appeal, defendant clarifies his position that he "did not receive seven days' notice of entry of the default judgment as required under MCR 2.603(B)(3)." As explained above, however, no default judgment was ever entered in this case, and MCR 2.603 deals solely with defaults and default judgments. Moreover, as noted by the trial court at the motion hearing, there is simply no evidence that service of the order changing domicile was improper.

On August 12, 2011, plaintiff filed a notice that the order changing domicile would be entered pursuant to MCR 2.602(B)(3) if no objections to the order were filed within seven days after service of the notice. Contained within the notice was a proof of service indicating that the order and notice were sent to defendant's last known address via first-class mail on August 10, 2011. The order was not entered for another 12 days, and at no time between service of the notice and entry of the order did defendant file any objections pursuant to MCR 2.602(B)(3) as to the accuracy and completeness of the proposed order.

In fact, to the extent that defendant intended to rely upon MCR 2.602(B)(3) as the basis of his argument, the argument is still misplaced. Defendant's argument on appeal is premised on the idea that he sought to withdraw his consent to the change of domicile. First, there is no evidence in the record of any attempts by defendant to withdraw his consent. There is only a very clear, signed stipulation in the lower court record dated June 22, 2011, that states:

> I, Gary A. Smith, in agreement with Rebekah L. Smith acknowledge that she and our three children . . . will be leaving the state of Michigan and will be moving to the state of Montana. Visitation will be decided on as our two schedules permit and as communicated between Rebekah and I.

Second, the purpose of MCR 2.602(B)(3) is to ensure that written judgments and orders comport with the actual decisions made by the trial court; the court rule is not a basis for challenging the substance of a trial court's ruling. Defendant has clearly demonstrated that he had no actual objections to the "accuracy or completeness" of the order; he simply changed his mind and

wanted the court to reconsider the underlying decision. Accordingly, to the extent that defendant intended to argue that MCR 2.602(B) provides a basis to challenge the underlying decision supporting the order changing domicile, that argument lacks merit.

In any event, as the circuit court stated, *even if* service of notice in 2011 regarding the order to change domicile was improper, the parties stipulated in 2016 that Montana would have jurisdiction over the case. That is, *defendant stipulated to the change of jurisdiction*, and now claims that he actually never stipulated to the change of domicile in the first place. Defendant does not explain why he waited until 2018 to file a motion to set aside the order, and defendant further neglects to address the puzzling fact that, to the extent defendant never agreed to the order changing domicile, he nonetheless stipulated to Montana assuming jurisdiction over any further issues of custody, parenting time, and child support five years later.

Lastly, we note defendant's argument that the Clinton Circuit Court retained jurisdiction despite the stipulated order giving the state of Montana jurisdiction on the basis of a previously entered contempt order. In March 2016, the court found plaintiff in contempt of court for violating its August 2015 parenting time order, apparently by failing to accommodate defendant's scheduling requests for parenting time during the Christmas holiday in 2015. The court awarded attorney fees to defendant and ordered that he was to have an additional week of parenting time during the Christmas holiday in 2016. Defendant acknowledges that plaintiff paid the attorney fees ordered by the court, but asserts that she failed to cure the contempt order because defendant did not exercise parenting time during Christmas 2016. Thus, according to defendant, plaintiff's continuing contempt provided the Clinton Circuit Court with continuing jurisdiction over the case. We are not persuaded by this argument.

Defendant has provided no authority—and we have found no authority—to support the idea that an order finding a party in contempt of court serves to overpower a subsequent order transferring jurisdiction to another state. Moreover, defendant's argument contradicts the exact stipulation that he made: that the Clinton Circuit Court would decline to exercise continuing jurisdiction and that "any further issues of custody, parenting time, and child support" would be litigated in Montana. Under the plain terms of the agreement defendant made, it would seem that any issues he might have had with respect to parenting time during the Christmas holiday in 2016 should have been raised in Montana. Finally, the stated purpose of defendant's motion to set aside the default judgment was to object to the 2011 order changing domicile. Even if the court retained jurisdiction over the issue for which it found plaintiff in contempt—failure to comply with a 2015 parenting time order—we cannot conclude that the court would also have retained jurisdiction over the issue of domicile, especially in light of the 2016 stipulation. We decline to conclude that the court had jurisdiction on the basis of its previous contempt order, and we affirm the court's decision denying defendant's motion based on its finding that it lacked jurisdiction to hear the matter.

### III. ATTORNEY FEES

Defendant lastly disputes the court's determination that his motion was frivolous, and argues that he did not intend to waste the court's time or harass or delay the opposition by filing the motion. However, a party's intent is not the sole factor in determining whether an action was frivolous under MCL 600.2951. Under the statute, a "frivolous" action is one where:

(*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

(*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(*iii*) The party's legal position was devoid of arguable legal merit. [MCL 600.2591(3)(a).]

In the instant case, the circuit court reasonably concluded that defendant "had no reasonable basis to believe" that he had a right to bring his motion in Michigan, in light of his statements that he had previously sought relief in Montana, and based on the fact that he had signed two stipulations either agreeing to allow his children to move to Montana or acknowledging Montana had jurisdiction over future disputes regarding custody and parenting time. Because defendant could not have reasonably believed that the Clinton County Circuit Court retained jurisdiction, the court's decision to award attorney fees to plaintiff was not an abuse of its discretion. See MCL 600.2591(3)(a)(*ii*) and (*iii*).

Affirmed. Plaintiff, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood